UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                            Case No. 10-CR-20137-01

v.                                          Hon. Gerald E. Rosen

MICHAEL LAMAR CATHEY,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR BOND PENDING APPEAL**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          May 17, 2012      

PRESENT: Honorable Gerald E. Rosen
                         Chief Judge, United States District Court

By motion filed on April 18, 2012, Defendant Michael Lamar Cathey requests that he be released on bond pending the resolution of his appeal of his conviction and sentence. For the reasons stated below, the Court finds that this motion must be denied.

First and foremost, while Defendant suggests in his motion that the terms of 18 U.S.C. § 3143(b)(1) govern his request for release on bond while his appeal remains pending, it is doubtful whether this provision applies here. Instead, it appears that Defendant's request for relief is subject to — and, in fact, foreclosed by — a different provision in this same statute that seemingly mandates Defendant's detention during his appeal:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b)(2). The referenced subsection of § 3142, in turn, encompasses offenses "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)." 18 U.S.C. § 3142(f)(1)(C). In this case, Defendant pled guilty to, and was sentenced for, a violation of 21 U.S.C. § 841(a) — a provision within the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* — and this offense was subject to a statutory sentencing range of 5 to 40 years under 21 U.S.C. § 841(b)(1)(B) — *i.e.,* a statutory maximum in excess of ten years. Accordingly, under the plain language of § 3143(b)(2), the Court must order Defendant's detention during the pendency of his appeal.

In any event, even if Defendant were eligible for release on bond pending the resolution of his appeal, he has failed to satisfy the statutory prerequisites for such relief. As noted above, the Court's decision whether to grant this relief would be governed by 18 U.S.C. § 3143(b)(1), which provides in pertinent part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds —
>
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
> >
> > (B) that the appeal is not for the purpose of delay and

>> raises a substantial question of law or fact likely to result in —
>>> (i)  reversal,
>>> (ii)  an order for a new trial,
>>> (iii)  a sentence that does not include a term of imprisonment, or
>>> (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).  "This statute creates a presumption against release pending appeal."  *United States v. Sabino,* No. 04-3499, 97 F. App'x 626, 627 (6th Cir. May 14, 2004) (citing *United States v. Vance,* 851 F.2d 166, 169-70 (6th Cir. 1988)).

Even assuming this provision were applicable here, the Court would find that Defendant has not overcome the statutory presumption against release, because he has not identified a substantial question of law or fact that he intends to pursue on appeal.  The Sixth Circuit has explained that the "substantial question" prong of § 3143(b)(1) is satisfied if "the appeal presents a close question or one that could go either way and . . . the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor."  *United States v. Pollard,* 778 F.2d 1177, 1182 (6th Cir. 1985) (internal quotation marks and citation omitted).  In this case, Defendant entered a guilty plea to Count One of the superseding indictment, pursuant to a plea agreement in which he generally waived his right to appeal his conviction or sentence.  Although Defendant later sought to withdraw this guilty plea, the Court found no basis for permitting him to do so.  Against this backdrop, the Court cannot say that Defendant's appeal raises a "substantial question of

3

law or fact," such that Defendant's release during the pendency of his appeal would be warranted under § 3143(b)(1).

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's April 18, 2012 motion for bond pending appeal (docket #348) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: May 17, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 17, 2012, by electronic mail and upon Michael Lamar Cathey, #44308-039, FCI McKean, Federal Correctional Institution, P. O. Box 8000, Bradford, PA 16701 by ordinary mail.

s/Ruth A. Gunther
Case Manager